IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| Meritain Health, Inc., § § | | |
| Appellant § § | | |
| v § § | Case No. 2:11-225 | |
| ASARCO LLC, *et al.*, § § | | |
| Appellee, § | | |

| | | |
|---|---|---|
| In re: § § | Bankruptcy Case No. 05-21207 | |
| ASARCO LLC, *et al.*, § § | CHAPTER 11 | |
| Debtors. § | (Jointly Administered) | |

**MEMORANDUM OPINION AND ORDER**

The United States Bankruptcy Court for the Southern District of Texas denied appellant Meritain Health, Inc.'s ("Meritain") application for allowance and payment of administrative expense claims arising from an Administrative Services Agreement between the parties ("Agreement"). The Bankruptcy Court found Meritain failed to prove it was entitled to an administrative expense claim because ASARCO provided adequate notice to terminate the Agreement on August 31, 2009, in which case no breach occurred and no damages are recoverable. The Court also found in the alternative: (1) even if the Agreement did not terminate on August 31, 2009, under the "erroneous date rule" the Agreement terminated on December 31, 2009; (2) even if the Agreement did not terminate on or before December 31, 2009, the terms of the Agreement

1

provided for only one automatic renewal from January 1, 2009 to December 31, 2009; (3) even if the automatic renewal provision was "evergreen," it was unenforceable under New York law; and (4) even if the Agreement was automatically renewed for a year, Meritain failed to prove that it is entitled to an administrative expense claim. The appellant has appealed the Bankruptcy Court's order denying its application on several grounds. This Court finds that the parties' Agreement terminated on August 31, 2009. Accordingly, the Bankruptcy Court's ruling is affirmed.

1. **Facts and Procedural History**

This appeal concerns an agreement between the parties for the administration of health benefits. On August 9, 2005, the appellee, ASARCO LLC ("ASARCO"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On November 13, 2009, this Court confirmed a reorganization plan for ASARCO. Pursuant to this plan, holders of administrative claims against ASARCO were required to file applications for allowance and payment of those administrative expense claims by January 25, 2010.

A few days prior to ASARCO's filing a Chapter 11 petition, Meritain Health, Inc. ("Meritain") entered into an Administrative Services Agreement ("Agreement") with ASARCO to serve as an administrator of ASARCO's health care plans. Under a section of the Agreement titled "Termination of Agreement," the parties agreed upon a mechanism to terminate the Agreement for convenience (hereinafter "Section VI(6)"). ASARCO was granted the right to terminate the Agreement pursuant to this provision by giving 90 days written notice of termination.

The initial term of the Agreement expired on December 31, 2008. Both parties agree that the Agreement was renewed for one year on January 1, 2009 pursuant to an automatic renewal provision, which reads:

> [ASARCO] may terminate this Agreement by providing a minimum (60) days notice prior to the end of the Agreement period. If such notice is not provided, this Agreement will automatically renew for one (1) additional year . . . .

Subsequently, the parties continued to operate under the original terms of the Agreement.

During this first renewal year, ASARCO began to reevaluate its relationships with third-party vendors. As a part of this process, ASARCO solicited bids for the administration of its health care plans through Lockton Companies ("Lockton"), an entity employed by ASARCO to issue Requests for Proposals ("RFPs"). Meritain was aware of this process and submitted a bid to continue its relationship with ASARCO.

Although the renewed Agreement was understood to expire on December 31, 2009, ASARCO claims that it successfully terminated the Agreement on August 31, 2009. This was purportedly accomplished through a May 22, 2009 letter ("May 22 Letter") from ASARCO's Steven Anderson ("Anderson") to Meritain's Liz Ohle ("Ohle"):

> This letter is ASARCO LLC's notice of its election to terminate the above-captioned Agreement in accordance with Section VI (6) of the Agreement. The effective date of termination shall be August 31, 2009. We anticipate Meritain will provide runout claims administration for all lines of coverage relative to this agreement in accordance with the contract.

The Bankruptcy Court held as a matter of law that ASARCO properly exercised its right to terminate under Section VI(6) through this letter.

Meritain emphasizes communications from employees of ASARCO and Lockton following the purported notice of termination that may be interpreted as equivocation. On July 17, 2009, Lockton's Mary Jayne Prior e-mailed Meritain's Stacey Meade about the Agreement:

> In follow up to our conversation of today given the terms of ASARCO's Administrative Agreement with Meritain, ASARCO has provided notice of termination that *may* occur as early as 8/31/09. However, this date *may* change based

3

on the results of the RFP. We will continue to keep you apprised of any changes. (emphasis added). Neither Lockton nor ASARCO informed Meritain of any change.

On August 31, 2009, the date of termination provided in the May 22 Letter, the parties did not discontinue their relationship. In fact, the parties continued to perform as they did prior to this date. Subsequent communications between and among ASARCO and Meritain employees reflected their understanding that the relationship between ASARCO and Meritain might end on December 31, 2009—the date on which the automatic renewal term was originally understood to expire. For example, on October 21, 2009, Meritain's Meade e-mailed Lockton's Prior:

> It is our understanding that ASARCO would like Meritain to administer their plan through at least a portion of 2010. We are asking for a 12 month commitment of full administration fees to administer the plan in 2010.

On November 3, 2009, Meritain's Liz Ohle ("Ohle") sent an internal e-mail to other Meritain employees, including Margie DeGrace ("DeGrace"):

> I received a phone message today from Steven Anderson and Darrel Sawyer today from ASARCO. Their message was:
> - They are sending me a letter stating that effective 1/1/10, they are moving their FSA and Cobra administration away and incorporating it into their payroll processor, ADP.
> - He indicated that "all other services remain the same for now" and that they don't anticipate a decision or change on the medical side for "at least a few months".

DeGrace responded:

> I am ok with them terming those 2 products but you must make it clear that we need a signed letter committing to fees for us to provide services after 1/1 because of the existing contract expiring.

On November 4, 2009, Meritain's Meade e-mailed ASARCO's Darrell Sawyer ("Sawyer"), similarly stating:

> We're moving forward with the termination of the COBRA and FSA services for

4

1/1/2010 and the transition to ADP. In addition, we're preparing for the 2010 medical renewal. As we discussed, Meritain does require a 12 month commitment and we will need a new agreement signed before we can provide services in 2010.

On November 13, 2009, Meritain's Meade again e-mailed ASARCO's Sawyer:

As I mentioned during our last conversation, for us to provide services after 1/1/2010, we'll need to have a signed agreement in place to protect both of us. To make the review easier on your legal team, rather than redraft the [Agreement], we've amended the [Agreement] currently in place. Let me know if you have any questions. Otherwise, please return a signed copy of . . . the original to my attention by December 15, 2009.

The same day, Sawyer responded:

In response to your email of November 13, 2009, I would like to clarify ASARCO's position so that there is no misunderstanding. As you know, we have been evaluating alternate vendors for our medical services since May of this year. We are continuing with this process and until we complete our evaluation we are not prepared to commit to any vendor.

Your email of November 4, 2009, indicated that Meritain would not continue to provide services in 2010 without a 12-month commitment. You have been clear as to what your expectations are and we will get back to you, but in no event later than December 15th.

On November 23, 2009, ASARCO notified Meritain that it would transition to a new vendor for

administration of health benefits on January 1, 2010:

ASARCO LLC has completed its evaluation of alternate administrative services providers. We appreciate the services you have provided us over the years, but we have decided to transition to another vendor.

As you are aware, on November 4, 2009, by email correspondence to Darrell Sawyer, Stacey Meade notified ASARCO that the Agreement with Meritain would terminate December 31, 2009, unless ASARCO agreed to a 12-month commitment for 2010. We are in agreement with terminating services at the close of business on December 31, 2009. In order to minimize the disruption of services to employees we would very much appreciate your cooperation in transitioning services to the new vendor(s) effective January 1, 2010.

Meritain did not provide any services for ASARCO after December 31, 2009.

On January 25, 2010, Meritain filed an application for allowance and payment of administrative expense claims in the Bankruptcy Court. Its application sought at least $1,502,850 in contract damages for ASARCO's alleged material breach of the Agreement, and the unpaid balance of any fees incurred for administrative services rendered by Meritain to ASARCO. *See* Bankr. Case No. 05-21207, Doc. No. 13737. The Bankruptcy Court heard argument on the application during a hearing, and entered its findings of fact and conclusions of law respecting the application. *See* Bankr. Case No. 05-21207, Doc. No. 16157. In accordance with that opinion, the court entered an order denying the claims. *See* Bankr. Case No. 05-21207, Doc. No. 16189. Meritain filed a notice of appeal, which was subsequently transferred to this Court. On August 1, 2012, this Court held a hearing, during which it heard argument concerning this appeal.

2. **Analysis**

   A. **Standard of Review**

   This court has jurisdiction over a bankruptcy appeal under 28 U.S.C. § 158(a)(1), and applies the standard of review generally applied by a federal appellate court. Findings of fact made by the Bankruptcy Court will not be set aside unless clearly erroneous, and conclusions of law reached by the Bankruptcy Court are reviewed de novo by this court. *In re Idearc, Inc.*, 662 F.3d 315, 318 (5th Cir. 2011). The burden is on the appellant to show that a finding of fact made by a bankruptcy court is clearly in error. *Perry v. Dearing*, 345 F.3d 303, 309 (5th Cir. 2003). "A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Jacobsen*, 609 F.3d 647, 662 (5th Cir. 2010) (quoting *Becker v. Tidewater, Inc.*, 586 F.3d 358, 367 (5th Cir. 2009)).

B.  **Was the Termination Waived?**

The first issue presented on appeal is whether the Bankruptcy Court erred in its conclusion that the termination of the Agreement on August 31, 2009 was not negated, nullified, changed, or voided by the parties' uninterrupted performance after this date. The Bankruptcy Court determined that ASARCO exercised its right to a convenience termination of the Agreement through the May 22nd letter, which stated that the effective date of termination "shall be" August 31, 2009. This letter complied with the notice requirement of the termination section of the Agreement, and neither party denies its proper exercise of this provision. It is only Meritain's contention that this notice was later "rescinded" by continued performance after this date that ASARCO contests. The Bankruptcy Court, after distinguishing New York precedent cited in the parties' briefs, held that "Meritain's decision to continue to provide services did not negate, nullify, change or void the August 31, 2009 termination date . . . ."[1] This Court agrees.

In its brief, Meritain argues that the actions and communications of both parties after August 31, 2009 indicated they both understood that the Agreement did not terminate on this date. To support this contention, Meritain points to the November 23, 2009 e-mail in which ASARCO notified Meritain that it was "in agreement with terminating services at the close of business on December 31, 2009." Meritain also points to the parties' "seamless performance" after August 31, 2009 as evidence that they both did not believe the Agreement had yet terminated.

ASARCO responds by denying that the parties understood the Agreement did not terminate

---

[1] The parties stipulate that New York law governs the contract, since a provision of their agreement states that the contract shall be interpreted and enforced in accordance with the laws of the state of New York. In its conclusions of law, the Bankruptcy Court also relied upon New York law.

on August 31, 2009, and by rejecting the notion that such termination could be nullified at all by the parties' actions. First, ASARCO maintains that Meritain has cited no authority to support its argument that a notice of termination may be waived by continued performance or later communications. Second, ASARCO contends that this waiver of termination argument was impermissibly raised for the first time on appeal. Third, ASARCO contends that Meritain continued to provide services beyond August 31, 2009, despite that it was no longer contractually obligated to do so, because it wanted to maintain ASARCO's business in the face of ASARCO's search for a new vendor.

Although Meritain's briefs do not cite any legal authority to support its contention that the termination was nullified, during oral argument counsel for Meritain argued that this position is supported by the state court ruling in New York Telephone Co. v. Jamestown Telephone Co., 26 N.E.2d 295 (N.Y. 1940). Nevertheless, as explained by the Bankruptcy Court, the holding of this case is unfavorable to Meritain's position. In New York Telephone, the court recognized that the plaintiff provided proper notice of termination of a service contract, and the contract expired, unless "that notice was withdrawn or rendered ineffective by subsequent acts or words of the parties." Id. In that case, however, the court found the facts did not warrant such a finding, writing:

> The defendant having given notice that the contract would end on March 1, 1932, did nothing in the interval which evinced any intention to withdraw the notice or which was in any way inconsistent with such notification. Nothing occurred thereafter which dictates or, indeed, permits an inference that the defendant intended to withdraw its notice. On the contrary, it affirmatively appears from correspondence between the parties that the defendant did not intend to withdraw its notice and always contended that the contract was at an end; and the plaintiff recognized that the contract was terminated, though it did suggest, in a letter sent on February 23, 1932, a week before the termination of the contract, that pending the making of a new traffic agreement 'accounts between the two companies shall continue to be adjusted and paid monthly in accordance with the existing basis, subject, however, to

8

subsequent adjustment in accordance with such bases as may be so agreed upon to be in effect on and after March 1, 1932.' The rights and obligations of the parties after March 1, 1932, cannot be measured by the terms of the contract which had come to an end on March 1st.

Id. Here, the Court is faced with facts not sufficiently distinguishable from those in New York Telephone. None of the communications from or within ASARCO evince an intent by ASARCO to withdraw its notice of termination, nor any assertions inconsistent with such notice. Certainly the Bankruptcy Court as the finder of fact did not so find. The parties continued to perform after August 31, 2012, and communications during this period simply indicate that the parties understood that this post-termination relationship—whether it was an implied contract for a term,[2] a "winding up" period, or something else—would end on December 31, 2009.[3] This does not nullify ASARCO's notice of termination.[4] See Twitchell v. Town of Pittsford, 106 A.D.2d 903, 903 (N.Y.App.Div.1984) ("When

---

[2]During oral argument, counsel for Meritain insisted that the parties did not agree to a month-to-month arrangement after August 31, 2009. Even assuming this is true, this fact does not cut in favor of Meritain's position. The absence of a month-to-month agreement does not prove that the termination date was nullified. In fact, it is irrelevant to the effectiveness of the termination. If no oral or implied contract for a certain term arose after the Agreement was terminated on August 31, 2009, ASARCO may have simply compensated Meritain in *quantum meruit* for its services until the end of the year, or entered into some other agreement.

[3]This Court is inclined to believe that the relationship between the parties persisted after August 31, 2009 due to mutual ulterior motives, not because either party believed that the termination notice was nullified. By continuing the relationship, Meritain gained strategic advantage in the bidding process being conducted by ASARCO and Lockton for a vendor to replace Meritain. At the same time, ASARCO received the benefit of Meritain's services until its bidding process was complete, avoiding a gap in coverage for its employees. This Court's belief, however, is somewhat irrelevant as the facts were found by the Bankruptcy Court and this Court sits merely as an appellate court.

[4]The court in New York Telephone made this point clear:

Where, after the expiration of a contract fixing the reciprocal rights and obligations of the parties, they continue to do business together, the conduct of the parties may at times permit, or even constrain, a finding that the parties impliedly agree that their

a contract is terminated, . . . the rights and obligations thereunder cease. The fact that the parties continue to deal under some sort of informal arrangement does not without more, mean that all the terms of the expired formal contract continue to apply.") (citations omitted). But see Martin v. Campanaro, 156 F.2d 127, 129 (2d Cir. 1946) ("When an agreement expires by its terms, if, without more, the parties continue to perform as theretofore, an implication arises that they have mutually assented to a new contract containing the same provisions as the old."); Curreri v. Heritage Property Inv. Trust, Inc., 48 A.D.3d 505, 506–07 (N.Y.App.Div.2008) (finding after original contract expired the parties' conduct "evidenced their mutual assent to a new contract embracing the same provisions and terms as their prior contract").[5] Therefore, the parties' relationship under the Agreement terminated on August 31, 2009.

---

> rights and obligations in connection with such business should continue to be measured as provided in the old contract. Even in such case, however, the reciprocal obligations arise from the new implied contract and, unless an intent to make such a new contract is expressed or may be fairly inferred from the conduct of the parties, the obligations of the parties are as matter of law not measured by the terms of the contract which has expired. Harlem Gaslight Co. v. Mayor, etc., of City of New York, 33 N.Y. 309.

New York Tel. Co., 26 N.Ed.2d at 371 (emphasis added). Here, the agreed-upon facts compel the conclusion that neither party felt governed by the old contract after August 31, 2009. In fact, Meritain insisted on a new written contract by December 31, 2009—a position its agents never would have taken if they thought the old contract was in force for another year.

[5]In this case the Court has before it the "more" that distinguishes these cases from the instant case. First, in this case, the Agreement did not merely expire; it was expressly terminated. Secondly, the undisputed facts clearly show that Meritain demanded a new written contract to perform beyond December 31, 2009 and that it wanted a decision on this by ASARCO in the immediate future. ASARCO acknowledged this request almost immediately, and agreed to give a written response very quickly thereafter. It shortly thereafter informed Meritain that it would not execute a new contract. There was no indication from either party of a mutual assent to a new contract, nor of assent to a rejuvenation of the old contract. In fact, in Martin, the court held that continued performance did not breathe life into an expired contract. Instead, one would only be entitled to *quantum meruit. Martin*, 156 F.2d at 129–30.

Meritain also complained of the Bankruptcy Court's findings in the alternative, namely: (1) under the "erroneous date rule" the Agreement terminated on December 31, 2009, (2) the renewal provision in the Agreement was not "evergreen," (3) if the renewal provision was evergreen, it was unenforceable under New York law, and (4) even if the Agreement was automatically renewed for a year, Meritain failed to prove that it is entitled to an administrative expense claim. Given the Court's ruling on the primary issue of termination, it need not reach these other remaining issues.

3.  **Conclusion**

Based upon the foregoing discussion, the decision of the Bankruptcy Court is affirmed. The order is affirmed with respect to its finding that the August 31, 2009 termination of the Agreement was not nullified by the continued performance of the parties. In this regard, its findings of fact are not clearly erroneous, and this Court finds its legal conclusions to be accurate. Since it finds that ASARCO's notice of termination was rightfully exercised and was not subsequently nullified, the Court need not reach the other grounds relied upon by the Bankruptcy Court.

Signed this 23rd day of August, 2012.

_____
Andrew S. Hanen
United States District Judge